# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

| | |
|---|---|
| DEBRA JONES, et al.,<br><br>    Plaintiffs/Appelants,<br><br>v.<br><br>VANCE NORTON, et al.,<br><br>    Defendants/Appellees. | No. 14-4040<br>(D.C. No. 2:09-cv-430-TC) |

## OPPOSITION TO APPELLANTS' AMENDED MOTION FOR LEAVE TO FILE SUPPLEMENTAL APPENDIX

## INTRODUCTION

Appellants ask the Court of Appeals for permission to add to the Appendix documents that were never part of the record before the district court. They had every opportunity prior to the district court's rulings becoming final to present these documents to the district court for review and consideration. Yet, due to inadvertence, appellants failed to avail themselves of this opportunity, and they cannot do so now.

The Tenth Circuit only considers evidence in the record that was before the district court. It does not consider evidence from outside of the record to

determine whether or not to affirm the district court's grant of summary judgment in favor of Appellee Blackburn Company, Inc. ("Blackburn"). Additionally, Appellants' motion was untimely. Therefore, the Court should deny Appellants' Amended Motion for Leave to File Supplemental Appendix.

## STATEMENT OF FACTS

1. In its Memorandum in Support of Motion for Summary Judgment, Appellee Blackburn Company, Inc. ("Blackburn") cited to, and attached as exhibits, Plaintiffs' Responses to Blackburn's First Set of Discovery Requests and Plaintiffs' Supplemental Responses to Blackburn's First Set of Discovery Requests to demonstrate that Appellants could not meet their burden of proof before the district court. (Appendix Volume III, 804-06, 828-47.)

2. As with the other exhibits attached to Blackburn's Memorandum in Support of Motion for Summary Judgment and the memorandum itself, the exhibit for Plaintiffs' Supplemental Responses to Blackburn's First Set of Discovery Requests that was filed with the district court and served on Appellants was a black and white photocopy. (Appendix Volume III, 841-47.)

3. The exhibit for Plaintiffs' Supplemental Responses to Blackburn's First Set of Discovery Requests included the three photographs Appellants produced with their Supplemental Responses, bates numbered as TM000867-000869. (Appendix Volume III, 805-06, 845-47.)

4. When given the opportunity to respond to Blackburn's identification of a black and white photocopy of Plaintiffs' Supplemental Responses to Blackburn's First Set of Discovery Requests as an exhibit, Appellants' response stated only: "Not Disputed." (Appendix Volume III, 805-06; Appendix Volume IV, 903.)

5. Blackburn also provided testimony in its Memorandum in Support of Motion for Summary Judgment that the photographs in Plaintiffs' Supplemental Responses to Blackburn's First Set of Discovery Requests did not accurately depict the actions of Blackburn's employee. Specifically, the photographs, which were unclear and of poor resolution in color, appeared to show an incision that was stitched closed using a diagonal "worm stitch" pattern, but Blackburn's employee did not close the incision that he made. (Appendix Volume III, 806-07.)

6. Blackburn also provided testimony that the incision its employee made was not jagged or zig-zag, and that a "worm stitch" pattern creates the illusion of a wavy line for an otherwise straight incision. (Appendix Volume III, 806-07.)

7. Appellants' response to this testimony was again as follows: "Not Disputed." (Appendix Volume III, 806-07; Appendix Volume IV, 903.)

8. On July 26, 2012, the district court entered its Order and Memorandum Decision, in which it stated that the photographs Appellants

produced with their Supplemental Responses were too blurry and indistinct to be helpful, and that Appellants did not provide any evidence to directly counter the testimony of Blackburn's employee. (Appendix Volume V, 1285-86.)

9. As a result, the district court granted summary judgment in favor of Blackburn on the basis that the evidence submitted by Appellants was weak, insufficient for a reasonable jury to find the requisite level of intent, and insufficient to demonstrate "particularly compelling circumstances." (Appendix Volume V, 1287-88.)

10. Appellants never filed with the district court a motion to reconsider or a motion to supplement the record with color copies of the photographs produced with Appellants' Supplemental Responses to Blackburn's First Set of Discovery Requests.

11. At roughly the same time Appellants filed their Brief and Appendix on August 29, 2014, they also filed a Motion for Leave to File Supplemental Appendix. (Document No. 01019303007.)

12. On September 2, 2014, the Clerk of the Court informed counsel for Appellants in a letter that the Motion for Leave to File Supplemental Appendix was deficient, and that Appellants had 10 days from the date of the letter (September 12, 2014) to file a corrected motion. (Document No. 01019303126.)

13. Appellants did not file a correct motion (due to inadvertence) until September 16, 2014, four days after the deadline had passed. (Document No. 01019311137, at 2.)

14. The relief Appellants seek in their Amended Motion for Leave to File Supplemental Appendix is to add to the appendix copies of documents that were never submitted to, or considered by, the district court. (Document No. 01019311137, at 3.)

## ARGUMENT

### I.     APPELLANTS' MOTION IS UNTIMELY.

**a. Appellants Failed to File the Motion by the Date Ordered by the Court.**

By Appellants' own admission, they failed to file (due to inadvertence) a corrected motion for leave to file a supplemental appendix on or before the deadline ordered by the Court. On this basis alone, their Amended Motion for Leave to File Supplemental Appendix is untimely and should be rejected.

**b. Appellants Never Presented the Evidence they Seek to Add to the Appendix to the District Court.**

Appellants' motion is also untimely in that it seeks to add documents to the appendix that were never submitted to the district court. Appellants accuse Blackburn of failing to file with the district court "true and accurate" copies of the photographs they produced with their Supplemental Responses to Blackburn's

First Set of Discovery Requests. In reality, Blackburn simply filed with the district court black and white photocopies of its Memorandum in Support of Motion for Summary Judgment and accompanying exhibits. There was nothing untrue or inaccurate in Blackburn's filings.

If Appellants wanted the district court to review and consider color copies of the photocopies Blackburn filed, they should have filed them with the district court. They never did, however, and instead informed the district court that the copies Blackburn filed were "Not Disputed." (Appendix Volume III, 805-06; Appendix Volume IV, 903.) Following the district court's ruling on Blackburn's Motion for Summary Judgment, Appellants again failed to take any steps to present the district court with color copies of the photographs produced with their Supplemental Responses to Blackburn's First Set of Discovery Requests. Appellants clearly had the opportunity to raise this issue earlier to the district court both before and after it granted Blackburn's Motion for Summary Judgment was granted and became final. It is too late to raise this issue now.

## II. THE COURT SHOULD NOT CONSIDER EVIDENCE THAT WAS NEVER PRESENTED TO THE DISTRICT COURT.

Most importantly, Appellants should not be permitted to supplement the appendix because the district court never considered the documents Appellant wish to add. Appellate "review of a grant of summary judgment is limited to the record before the trial court at the time it made its ruling." *Magnum Foods, Inc. v.*

*Continental Cas. Co.*, 36 F.3d 1491, 1502 n.12 (10th Cir. 1994). For that reason, the Court of Appeals will not consider documents submitted in appendices that are not part of the record as certified by the clerk of the district. *See In re Rudder*, 159 F.2d 695, 696 (2d Cir. 1947) (refusing to consider material in appendix that was not part of the record); *Com. of Mass. v. U.S. Veterans Admin.*, 541 F.2d 119, 123 n.5 (1st Cir. 1976) (granting motion to strike portions of appendix that were not part of the record in the district court).

The record on appeal consists only of "the original papers and exhibits filed in the district court," transcripts of proceedings, and a certified copy of the docket entries prepared by the district clerk. Fed. R. App. P. 10(a). It is also too late to supplement the record with evidence that was never before the district court. *See United States v. Rivera–Rosario,* 300 F.3d 1, 9 (1st Cir.2002) ("[A] 10(e) motion is designed to only supplement the record on appeal so that it accurately reflects what occurred before the district court. It is not a procedure for putting additional evidence, no matter how relevant, before the court of appeals that was not before the district court."). It is completely improper, therefore, to ask the Tenth Circuit to reverse the district court's grant of summary judgment based on evidence that Appellants never filed with the district court. Neither the Appendix nor the record may be supplemented with the documents Appellants seek to add. Appellants' motion must be denied.

### III. THE PROPOSED SUPPLEMENT TO THE APPENDIX IS IRRELEVANT TO THE DISTRICT COURT'S DECISION.

Appellants' proposed supplement to the appendix should also be denied because it was irrelevant to the district court's Order and Memorandum Decision, which grant summary judgment in favor of Blackburn. While the district court acknowledge that the photographs Appellants produced with their Supplemental Responses were too blurry and indistinct to be helpful, it also explained that Appellants did not provide sufficient evidence to form a basis upon which a reasonable jury could find the requisite level of intent by Blackburn or demonstrate "particularly compelling circumstances" to justify an award for intentional infliction of emotional distress. (Appendix Volume V, 1285-88.)

Specifically, Appellants failed to submit any evidence to directly rebut the testimony of Blackburn's employee that the he never made a jagged or zig-zag incision, that he never stitched-closed the incision that he made, that the unclear photographs appeared to show an incision that had been closed with a "worm stitch" pattern, and that a "worm stitch" pattern creates the illusion of a wavy line for an otherwise straight incision. (Appendix Volume III, 806-07; Appendix Volume V, 1286.) Color copies of the photographs Blackburn filed cannot contradict the testimony of Blackburn's employee, even at this late date. Therefore, the photographs are irrelevant to the Court of Appeals' review of the district court's decision, and cannot be added to the Appendix.

## **CONCLUSION**

Appellants' attempt to supplement the Appendix is untimely and improper. The documents they seek to add were never filed with the district court and Appellants filed their Amended Motion for Leave to File Supplemental Appendix after the deadline had expired. The Amended Motion, therefore, should be denied.

Dated this 25th day of September, 2014.

        SNOW, CHRISTENSEN & MARTINEAU

By: /s/ *Nathan R. Skeen*
    Julianne P. Blanch
    Robert W. Thompson
    Nathan R. Skeen
    Telephone: 801-521-9000
    Email Addresses:
    jpb@scmlaw.com
    rwt@scmlaw.com
    nrs@scmlaw.com
    *Attorneys for Defendant/Appellee Blackburn*
    *Company dba Thomas-Blackburn Vernal Mortuary*

## CERTIFICATION OF DIGITAL SUBMISSION

I further certify that:

    (1)    all required privacy redactions have been made; and

    (2)    this ECF submission was scanned for viruses with the most recent version of a commercial virus scanning program (Kaspersky Anti-Virus 6.0 for Windows, 10.2.1.23 updated 9/24/2014) and, according to the program is free of viruses.

Dated this 25th day of September, 2014.

                                      SNOW, CHRISTENSEN & MARTINEAU

                                      By: /s/ *Nathan R. Skeen*
                                                Julianne P. Blanch
                                                Robert W. Thompson
                                                Nathan R. Skeen

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2014, a true and correct copy of the forgoing was served via Court ECF system, which will send email notification to the following:

J. CLIFFORD PETERSON
ASSISTANT ATTORNEY GENERAL
SEAN D. REYES
UTAH ATTORNEY GENERAL
UTAH ATTORNEYS GENERAL'S OFFICE
LITIGATION UNIT
160 EAST 300 SOUTH, SIXTH FLOOR
P.O. BOX 140856
SALT LAKE CITY, UT 84114-0856
*Attorneys for Defendants/Appellees Dave Swenson, Craig Young, Rex Olsen, Jeff Chugg, and Sean Davis*

JESSE C. TRENTADUE
BRITTON R. BUTTERFIELD
SUITTER AXLAND, PLLC
8 E. BROADWAY, STE. 200
SALT LAKE CITY, UT 84111
*Attorneys for Defendants/Appellees Vernal City, Uintah County, Vance Norton, Anthoney Byron, Bevan Watkins, and Troy Slaugh*

FRANCES C. BASSETT
MARTHA L. KING
JEFFREY S. RASMUSSEN
MATTHEW KELLY
FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive
Louisville, Colorado 80027
    *Attorneys for Plaintiffs-Appellants*

/s/ Penny Berendson

021397.0024 2994095.1